UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN CRUZ-CRESPO | CIVIL ACTION NO. |
| VERSUS | |
| ELITE LANES, LLC, ET AL. | 23-156-SDD-EWD |
| and | |
| JAIME PUENTE, ET AL. | CIVIL ACTION NO. |
| VERSUS | |
| PRIME INSURANCE COMPANY, ET AL. | 23-224-SDD-EWD |
| and | |
| JAMES WOLFE | CIVIL ACTION NO. |
| VERSUS | |
| AZARIAH S. ISRAEL, ET AL. | 23-288-SDD-EWD |

**RULING AND ORDER**

    Before the Court are oral Motions to Withdraw Notices of Removal, made by Defendants Prime Insurance Company, Elite Lanes, LLC and Azariah S. Israel (sometimes referred to as "Azariah Israel Ben") ("Removing Defendants") during the December 21, 2023 hearing before the Magistrate Judge.[1] The Motions to Withdraw will be granted and these consolidated matters remanded to the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana. Based on the withdrawal of the Notices of Removal, the Motions to Remand, filed by Plaintiffs Jonathan Cruz-Crespo, Jaime and Jessica Puente, and James Wolfe, and the Motion to Strike Certain Paragraph of

---

[1] No. 23-156, R. Doc. 57.

Plaintiff's Petition for Damages filed by Defendants Elite and Israel, will be terminated as moot.

Defendant Prime removed the *Cruz-Crespo* and *Wolfe* matters,[2] and Defendants Elite and Israel removed the *Puente* matter,[3] to this Court based on diversity subject matter jurisdiction under 28 U.S.C. § 1332. The cases were consolidated because they arise out of the same multi-vehicle accident.[4] The Plaintiffs in each case filed a Motion to Remand for, among other things, lack of subject matter jurisdiction because the parties are not of diverse citizenship.[5]

On December 21, 2023, a hearing was held before the Magistrate Judge on the Motions to Remand and to discuss the Court's subject matter jurisdiction; specifically, the alleged improper joinder of Louisiana citizen Jonathan Cruz-Crespo as a defendant in both the *Puente*[6] and *Wolfe*[7] matters, and the alleged improper joinder of a number of Louisiana citizens, including the Puentes and Wolfe, in the *Cruz-Crespo*[8] matter. At the conclusion of the hearing, Removing Defendants made oral motions to withdraw their Notices of Removal. No other party objected.[9]

---

[2] No. 23-156 at R. Doc. 1, ¶ 1; No. 23-288, R. Doc. 1, ¶ 1.
[3] No. 23-224, R. Doc. 1, ¶ 11.
[4] No. 23-156, R. Doc. 27.
[5] No. 23-156, R. Docs. 17, 28, and 30.
[6] No. 23-224 (M.D. La.) at R. Doc. 1, ¶ 13 (Notice of Removal alleging the Puentes are Louisiana citizens); *id.* at R. Doc. 1-1, ¶ II (Petition naming Cruz-Crespo as a defendant and alleging his Louisiana citizenship).
[7] No. 23-288 (M.D. La.) at R. Doc. 1-3, ¶ I (Petition alleging Wolfe is a Louisiana citizen) and ¶ II (Petition naming Cruz-Crespo as a defendant and alleging his Louisiana citizenship).
[8] No. 23-156 (M.D. La.) at R. Doc. R. Doc. 1, ¶ 5 (Notice of Removal alleging Cruz-Crespo is a Louisiana citizen) and *id.* at R. Doc. 1-2 ¶¶ 1-F, 1-G, and 1-I (Petition naming the Puentes and Wolfe as defendants); No. 23-224 at R. Doc. 1, ¶ 13 (Notice of Removal alleging the Puentes are Louisiana citizens); and No. 23-288 at R. Doc. 1-3, ¶ I (Petition alleging Wolfe is a Louisiana citizen). A fourth related case removed by Prime, *Wooders v. Elite Lanes,* LLC, No. 23-253 (M.D. La.), has already been remanded. *See* No. 23-156 at R. Doc. 29, 48-49 (No. 23-253 at R. Docs. 6, 11-12.
[9] No. 23-156, R. Doc. 57.

The removal statute "is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."[10]  Based on their oral motions to withdraw their Notices of Removal at the hearing, the Removing Defendants have not met their burden to establish diversity subject matter jurisdiction because they cannot show that there is complete diversity of citizenship between the parties.  No other basis for the Court's jurisdiction has been alleged.[11]  According to 28 U.S.C § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Here, remand of the three consolidated cases, which each feature at least one Louisiana plaintiff and at least one Louisiana defendant, is required for lack of subject matter jurisdiction.[12]

Accordingly,

**IT IS ORDERED** that the oral Motions to Withdraw Notices of Removal asserted by Prime Insurance Company, Elite Lanes, LLC and Azariah S. Israel are **GRANTED**. The Notices of Removal are **WITHDRAWN**, and Civ. Action No. 23-156, *Jonathan Cruz-Crespo v. Elite Lanes, LLC et al.*; Civ. Action No. 23-224, *Jaime Puente, et al. v. Prime Insurance Company, et al.*; and Civ. Action No. 23-288, *James Wolfe v. Azariah S. Israel, et al.* are **HEREBY REMANDED t**o the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, for lack of subject matter jurisdiction.

---

[10] *Vatter v. Navistar Int'l Corp.*, 150 F. Supp. 3d 703, 706 (M.D. La. 2015), citing *Haspel, L.L.C. v. Haspel Worldwide, LLC,* No. 13–185, 2013 WL 5519382, at *3 (M.D. La. Oct. 2, 2013) (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)).

[11] "The party seeking to invoke federal jurisdiction has the burden to prove by a preponderance of the evidence that federal jurisdiction exists." *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (internal citations omitted).

[12] *Vatter,* 150 F. Supp. 3d at 709 (rejecting claim of improper joinder and remanding case due to lack of diversity).

**IT IS FURTHER ORDERED** that all pending motions, including the Motions to Remand, filed by Plaintiffs Jonathan Cruz-Crespo, Jaime and Jessica Puente, and James Wolfe,[13] as well as the Motion to Strike Certain Paragraph of Plaintiff's Petition for Damages, filed by Defendants Elite Lanes, LLC and Azariah S. Israel,[14] are **TERMINATED AS MOOT,** and these consolidated cases are **CLOSED.**

Baton Rouge, Louisiana on the  9th  day of  January , 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[13] No. 23-156, R. Docs. 17, 28, and 30.
[14] No. 23-156, R. Doc. 8.

4